[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14946
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cv-00814-EAK-AEP

DEE RUSSELL,

Plaintiff-Appellant,

versus

CITY OF TAMPA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 8, 2016)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Dee Russell, proceeding pro se, appeals the district court's grant of summary

judgment to his former employer, the City of Tampa ("the City") in his

employment discrimination and retaliation suit, which he brought under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 et seq.  On appeal, Russell argues that: (1) the district court erroneously granted summary judgment in the City's favor on his discrimination claim because a jury could have reasonably found that the City treated him differently due to his request for an accommodation on the basis of a disability; and (2) he was unable to properly articulate his retaliation claim because he was a pro se litigant.  After thorough review, we affirm.[1]

We review de novo a district court order granting summary judgment, viewing the facts in the light most favorable to the non-moving party.  Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998).  Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment has the burden of showing that there is no genuine issue of fact.  Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000).  On the other hand, a party opposing a properly submitted motion for summary judgment may not rest upon mere

---

[1] As an initial matter, to the extent that Russell challenges the district court's decision regarding the contested affidavits of Michael Smith and Emil Joseph, Russell appears to misread the district court's order.  Although the district court did not explicitly grant or deny the defendant's motion to strike these affidavits, the district court implicitly denied that motion by considering the contents of those affidavits in its order granting summary judgment.  Thus, Russell's arguments regarding the inclusion of his affidavits are moot because the district court considered the affidavits.

2

allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  Id.

We hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, while we construe a pro se litigant's pleadings liberally, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

First, we are unpersuaded by Russell's claim that the district court erred in granting summary judgment in the City's favor on his discrimination claim. Discrimination under the ADA includes:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

42 U.S.C. § 12112(b)(5)(A); see also 29 C.F.R. § 1630.9.  To state a prima facie claim for failure to accommodate under the ADA, a plaintiff must show that: (1) he is disabled; (2) he is a qualified individual, meaning able to perform the essential functions of the job; and (3) he was discriminated against because of his disability by way of the defendant's failure to provide a reasonable accommodation.  See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001).

3

In Terrell v. USAir, we held that an employer's delay in granting a requested accommodation was not unreasonable. 132 F.3d 621, 628 (11th Cir. 1998). Terrell was diagnosed with carpal tunnel syndrome ("CTS") and requested a work station with a drop keyboard as a reasonable accommodation. Id. at 623. Terrell was not provided a drop keyboard at her workstation, but was allowed to use a workstation with a drop keyboard when it was available. Id. When it was not available and she informed her supervisor of pain, she was tasked with a job that did not require her to type. Id. Eventually, Terrell was placed on unpaid medical leave because she exceeded the 60-day limit for injured employees to work on limited duty, meaning fewer hours than the employee's scheduled shift. Id. However, when part-time positions became available at USAir, the company contacted Terrell, who then returned to work and was provided the drop keyboard. Id. at 623-24. We calculated the "delay" in providing a drop keyboard for Terrell as three months. Id. at 628. We held that "[t]he district court did not err in concluding that this delay was reasonable, considering that Plaintiff had some access to a drop keyboard position during this time and that she was not required to type when she had no access." Id.

Here, the district court did not err in determining that, based on the uncontested facts, the City's 28-day delay in granting Russell's requested accommodation was reasonable. Notably, Russell's 28-day delay was significantly

4

shorter than Terrell's 3-month delay, and Russell, unlike Terrell, was never furloughed after exhausting time to work on limited duty. See Terrell, 132 F.3d at 623-24, 628. Plus, even with the harsher circumstances in Terrell, we held that the district court did not err in concluding that the delay in granting an accommodation was reasonable. See id. at 628. Moreover, like Terrell, Russell was given temporary accommodations -- he was allowed to use the LODAL truck he requested when it was available and was allowed to use paid sick leave as necessary while the accommodation request was pending. See id. at 623-24. Additionally, the delay in granting Russell's requested accommodation was not without cause. Indeed, the City explained that trucks were assigned to routes, rather than drivers, and the reassignment of a different truck to a different route would need approval. Finally, although Russell presented some evidence that other employees were allowed to drive a truck other than the one assigned to them, he did not present any evidence that other employees were permanently reassigned to a different truck without delay. Thus, construing the facts in the light most favorable to Russell, the district court did not err in concluding that the 28-day delay in approving Russell's requested accommodation was reasonable.

We are also unpersuaded by Russell's argument that the district court did not afford him the proper amount of leniency in construing his pro se pleadings concerning his retaliation claim. This claim, it appears, is based on his allegation

that in order to continue working, he was forced to sign a paper in which he agreed that he was capable of performing his job functions. However, the record indicates that Russell's only mention of this paper was in his complaint, and nowhere else in the record. Further, the district court specifically addressed Russell's allegations and found them insufficient to state a claim of retaliation. Russell does not otherwise challenge the district court's grant of summary judgment on his retaliation claim. Thus, we affirm.

**AFFIRMED**.